IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN REINBOLT, | ) | Case No. 3:19-cv-1816 |
| | ) | |
| Petitioner, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| NEIL TURNER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

    Petitioner, Marvin Reinbolt, an Ohio prisoner serving an 11-year prison term after he pleaded guilty to burglary and theft, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  Liberally construed, Reinbolt claims that his convictions and sentences in *State v. Reinbolt*, Marion Cty. Ct. Comm. Pl. Case No. 2016-CR-0498, were obtained in violation of his Due Process rights under the Fifth and Fourteenth Amendments to the United States Constitution and also in violation of his right to effective assistance of counsel under the Sixth Amendment.  ECF Doc. 1 at 5-7.

    On October 21, 2019, respondent, Warden Neil Turner, filed a motion to dismiss Reinbolt's claims as time-barred.  ECF Doc. 7.  Warden Turner argues that Reinbolt's claims are barred under the one year statute of limitations in 28 U.S.C. § 2244(d) and are unexhausted.  ECF Doc. 7 at 1, 4-19.  On December 5, 2019, the court issued an order noting that Reinbolt had not filed a brief opposing Warden Turner's motion to dismiss and set a final deadline of January 31, 2020 to file a brief in opposition.  ECF Doc. 8.  But Reinbolt has not filed a brief in opposition.

**I.     State Court History**

  **A.** **State Trial Court, Case No. 16-CR-498**

On October 6, 2016, a Marion County, Ohio grand jury indicted Reinbolt on: three counts of burglary in violation of Ohio Rev. Code § 2911.12(A)(2) (Counts 1, 5, 11); one count of burglary in violation of Ohio Rev. Code § 2911.12(A)(3) (Count 3); four counts of burglary in violation of Ohio Rev. Code § 2911.12(A)(1) (Counts 8, 9, 13, 15), and seven counts of theft in violation of Ohio Rev. Code § 2913.02(A)(1) (Counts 2, 4, 6, 7, 10, 12, 14). ECF Doc. 7-1 at 3-7. On February 28, 2017, Reinbolt, with assistance of counsel, withdrew his former plea of not guilty and pleaded guilty to Counts 1, 4, 5, 8, 9, 11, 13, and 15. ECF Doc. 7-1 at 12-14. The remaining counts were dismissed at the request of the prosecutor. ECF Doc. 7-1 at 14.

On March 16, 2017, after ensuring that Reinbolt was apprised of the rights he waived by pleading guilty and that his change of plea was knowing, voluntary, and intelligent, the state trial court accepted Reinbolt's guilty plea. ECF Doc. 7-1 at 14-15. And on March 20, 2017, the court sentenced Reinbolt to an aggregate prison sentence of 11 years to be followed by 3 years' post-release control. ECF Doc. 7-1 at 16-17.

  **B.** **Delayed Appeal, Case No. 9-17-38**

On September 14, 2017, Reinbolt filed a *pro se* notice of appeal and motion for leave to file a delayed appeal. ECF Doc. 7-1 at 18-20. Reinbolt's memorandum in support of his motion did not indicate what claim(s) he intended to present on appeal. *See* ECF Doc. 7-1 at 20-23. On November 8, 2017, the Ohio Court of Appeals denied Reinbolt's motion for leave to file a delayed appeal. ECF Doc. 7-1 at 29-30.

C. **Appeal to the Ohio Supreme Court, Case No. 17-1785**

On December 20, 2017, Reinbolt appealed to the Ohio Supreme Court. ECF Doc. 7-1 at 31-32. Reinbolt's memorandum in support of jurisdiction presented a single proposition of law:

> Defendant-Appellant received ineffective assistance of counsel under the VIth Amendment of the United States Constitution and Article I, §10 of the Ohio Constitution when counsel failed to timely file a notice of appeal when requested to do so.

ECF Doc. 7-1 at 34. On April 25, 2018, the Ohio Supreme Court declined to accept jurisdiction. ECF Doc. 7-1 at 38. Reinbolt did not appeal to the United States Supreme Court. Reinbolt also has not filed any state court petition for post-conviction relief. *See* Docket for Marion Cty. Ct. Comm. Pl. Case No. 2016-CR-0498.

## II. Federal Habeas Petition

On May 9, 2019, Reinbolt filed a *pro se* petition for writ of habeas corpus. ECF Doc. 1. Reinbolt's petition asserts two claims:

> GROUND ONE: I know that the prosecut[or] knew one or more of the people on the case of Burglaries. Counsel told me to plead guilty to Burglaries that was not even on the Indictment. Judge was Drunk and Drinking on the stand. It was all mes[sed] up. Counsel made me plead to Burglaries that By Law was B&E.
>
> GROUND TWO: I truly was denied Effective Assistance of counsel . . . my Lawyer did not do anything to represent me At All!

ECF Doc. 1 at 5, 7.

## III. Law and Analysis

A. **Statute of Limitations under AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, fi the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final under § 2244(d)(1)(A) when direct review concludes, not when the petitioner has exhausted all state remedies. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *see also Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (noting that the one-year limitations period under § 2244(d)(1)(A) does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court). A judgment is final when the time to file a direct appeal to the state appellate court expires, unless the state appellate court grants a motion to file an out-of-time appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). An Ohio criminal defendant has 30 days from the date his conviction and sentence become final to file a timely direct appeal. Ohio R. App. P. 4(A). The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lopez v. Wilson*, 426 F.3d 339, 351-52 (6th Cir. 2005) (*en banc*) (holding that a motion to reopen under Ohio R. App. P. 26(B) is a collateral proceeding).

4

### B. Reinbolt's Claims are Time-Barred

Reinbolt's claims are time-barred under 28 U.S.C. § 2244(d)(1). The time for Reinbolt to file a direct appeal to the Ohio Court of Appeals expired on April 19, 2017 – 30 days after the state trial court entered its sentencing order. Ohio R. App. P. 4(A); ECF Doc. 7-1 at 16-17. And the Ohio Court of Appeals decision not to permit an out-of-time appeal left the April 19, 2017, finality of the judgment undisturbed. *Jimenez*, 555 U.S. at 120; ECF Doc. 7-1 at 29-30.[1] Moreover, Reinbolt's petition does not indicate that his claims accrued under any of the circumstances described in 28 U.S.C. § 2244(d)(1)(B), (C), or (D). *See generally* ECF Doc. 1. Thus, AEDPA's one-year statute of limitations began to run on April 19, 2017 and expired on April 19, 2018. 28 U.S.C. § 2244(d)(1)(A); ECF Doc. 7-1 at 16-17.

Because Reinbolt did not file his federal habeas petition until May 9, 2019 – well over one year after the applicable statute of limitations expired – I recommend the Court GRANT Warden Turner's motion to dismiss Reinbolt's claims as time-barred and deny his petition.

## IV. Certificate of Appealability

### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has interpreted this standard to mean that the "'petitioner must demonstrate that reasonable

---

[1] Had the Ohio Court of Appeals allowed Reinbolt to pursue a delayed direct appeal, the date the judgment became final would be different. Had that occurred, Reinbolt's AEDPA statute of limitations would have been re-set, and he would have had the full one-year period from the date the delayed direct appeal became final to file his habeas petition.

jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

**B.     Analysis**

When, as here, a habeas petitioner filed his petition outside of AEDPA's one-year statute of limitations period and reasonable jurists could not find debatable the district court's decision to dismiss the petition is time-barred. *See Hill v. Dailey*, 557 F.3d 437, 438-40 (6th Cir. 2009) (denying an application for a certificate of appealability from the dismissal of a habeas petition as time-barred); *see also Slack*, 529 U.S. at 486 ("Whe[n] a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). If the Court accepts my recommendations, Reinbolt will not be able to show that the Court's dismissal of his time-barred claims is debatable. Thus, I recommend that a certificate of appealability not be issued.

**V.     Recommendation**

Because Reinbolt's petition is time-barred under AEDPA's one-year statute of limitations, I recommend that Warden Turner's motion to dismiss Reinbolt's claims (ECF Doc. 7) be GRANTED, that Reinbolt's claims be DISMISSED as time-barred, and that Reinbolt's petition (ECF Doc. 1) be DENIED. I further recommend that Reinbolt not be granted a certificate of appealability.

Dated: March 27, 2020

                                            Thomas M. Parker
                                            United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).